THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LIVABLE LAKE STEVENS,

    Plaintiff,

    v.

UNITED STATES ARMY CORPS OF ENGINEERS, *et al*.,

    Federal Defendants,

    and,

COSTCO WHOLESALE CORPORATION,

    Intervenor-Defendant.

Case No. 2:21-cv-01423-RAJ

ORDER DENYING PLAINTIFF'S MOTION TO ADMIT ADDITIONAL DOCUMENTS TO THE RECORD/ADMIT EXTRA-RECORD DOCUMENTS

## I.    INTRODUCTION

THIS MATTER comes before the Court on Plaintiff Livable Lake Stevens's Motion to Admit Additional Documents to the Record/Admit Extra-Record Documents ("Motion"). Dkt. # 28. Having reviewed the Motion, record, proposed additional documents, and relevant law, the Court **DENIES** Plaintiff's Motion.

ORDER – 1

## II. DISCUSSION

Plaintiff challenges the U.S. Army Corps's ("Corps") decision to issue a wetland fill permit at a proposed site in Snohomish County. Dkt. #1. In seeking review under the Administrative Procedure Act ("APA"), Plaintiff contends that the current Administrative Record ("AR") is incomplete. Dkt. # 28 at 2.

In their Motion, Plaintiff seeks to add six documents ("Documents") to the AR. *See* Dkt. # 28-1, Exhibits 1-6. Plaintiff argues the Documents should be included to complete the AR because they were directly or indirectly considered by the Corps when issuing the permit. Dkt. # 28 at 2. Alternatively, if the Court concludes the AR is complete, Plaintiff argues the Court should still admit the Documents as extra-record evidence because they are necessary to determine if the Corps considered all relevant factors when making its decision. Dkt. # 28 at 2–3, 5. The Court declines to do either.

Review of agency action under the APA is generally restricted to the administrative record already in existence. *San Luis & Delta-Mendota Water Authority v. Jewell*, 747 F.3d 581, 602 (9th Cir. 2014); *Northwest Environmental Advocates*, 2019 WL 6977406, at *2 (D. Or. Dec. 20, 2019). The administrative record should be the "whole record" consisting of all documents directly or indirectly considered by the agency. *Northwest Environmental Advocates*, 2019 WL 6977406, at *3. An agency's determination of what is in the record, however, is entitled to a "presumption of administrative regularity" that can only be rebutted by "concrete evidence that the record is incomplete." *California v. U.S. Dept. of Labor*, 2:13-cv-02069, 2014 WL 1665290, at *4, 5 (E.D. Cal. Apr. 24, 2014).

Federal district courts are permitted to admit extra-record evidence only in "limited circumstances": (1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency relied on documents not in the record, (3) if supplementing the record is necessary to explain technical terms or complex subject matter, or (4) if plaintiffs make a showing of agency

ORDER – 2

bad faith. *Lands Council v. Powell,* 395 F.3d 1019, 1030 (9th Cir. 2005). These exceptions are narrowly construed and applied. *Id.*

### A. Adding Documents to the Administrative Record

Plaintiff argues the AR is incomplete without the Documents for two reasons. First, Plaintiff asserts that the Documents were indirectly or directly considered by the agency because they were in the Corps's possession. *See* Dkt. # 28 at 7–10. This argument fails. Plaintiff must do more than "imply that the documents at issue were in the agency's possession." *Pinnacle Armor, Inc. v. U.S.*, 923 F.Supp.2d 1226, 1239 (E.D. Cal. Feb. 12, 2013). Rather, Plaintiff must identify reasonable, non-speculative grounds for its belief that the documents were considered by the agency. *Id.* Here, Plaintiff states that the Corps were in possession of the Documents. Dkt # 28 at 7–10. In response, the Corps disclaims possession of some of the Documents and states it did not consider the ones in its possession. Dkt. # 29 at 3–5. Plaintiff does not provide concrete evidence that rebuts the Corps's statements to show reasonable and non-speculative grounds that the Corps actually considered those Documents.[1]

Second, Plaintiff argues the Corps indirectly or directly considered the Documents because they were put on notice of the Documents through Plaintiff's reference and citation to them in their comments submitted to the Corps. *See* Dkt. # 28 at 7–10. Courts in the Ninth Circuit have continuously held that the "consideration through citation" argument "stretches the chain of indirect causation to its breaking point and cannot be a basis for compelling completion of an Administrative Record." *California*, 2:13-cv-02069, 2014 WL 1665290, at * 9; (quoting *Center for Native Ecosystems v. Salazar*, 711 F.Supp.2d 1267, 1277 (D. Colo. 2010)). Here, Plaintiff, when referring to document 1, makes a consideration through citation argument when saying it "cited to [document 1]" in their comment submitted to Corps, so the "Corps clearly considered – at least

---

[1] The Corps did investigate the accuracy of the data in document 1, Dkt. # 30 at 2; however, Plaintiff provides no evidence that the Corps considered the document when issuing the permit.

ORDER – 3

indirectly – or the Corps clearly should have considered" it. Dkt. # 28 at 8 ¶ 1. Plaintiff makes the same argument for documents 2, 3, and 6.[2] Plaintiff cannot present concrete, non-speculative evidence that the Corps indirectly or directly considered the Documents. Therefore, the Court defers to the Corps's determination that assumes the administrative record has been properly designated. *Cook Inletkeeper v. EPA*, 400 Fed. App'x 239, 240 (9th Cir. 2010).

### B. Admitting Documents as Extra-Record Evidence

Plaintiff seeks to use the "relevant factor" exception outlined in *Lands Council* to admit the Documents as extra-record evidence. Plaintiff argues that the Documents must be admitted because they are necessary to determine if the Corps considered all the relevant factors when issuing the permit. *See* Dkt. # 28 at 7–10. This Court cannot "second-guess the agency's certification that the record submitted to the court is complete based on assertions, supposition, or speculation." *California*, 2014 WL 1665290, at *8. Because this Court defers to the determination that the AR is properly designated, Plaintiff's "relevant factor" argument is moot.

The Ninth Circuit has held that parties wishing to invoke one of the *Lands Council* exceptions must first show that the administrative record is inadequate. *Northwest Environmental Advocates*, 2019 WL 6977406, at *8 (D. Or. Dec. 20, 2019). Such a requirement is consistent with Ninth Circuit's instruction that the *Lands Council* exceptions be narrowly construed. *Id.* Consistent with other district courts within the Ninth Circuit, this Court will not consider the *Lands Council* exceptions where the plaintiff fails to provide concrete evidence that the AR is inadequate. *Id.* at *3. The Court agrees with the Corps that the Documents are either duplicative or representative of

---

[2] Plaintiff states documents 2 and 3 were "specifically referenced in comments submitted to the Corps by plaintiff LLS." Dkt. # 28 at 8 ¶ 3. Plaintiff also argues that document 6 was "referenced in the report by LLS' experts attached to comments submitted by plaintiff to the Corps" therefore Corps were on notice of the document and must have indirectly or directly considered it. *Id.* at 10 ¶ 2.

ORDER – 4

information already within the record. *See, e.g.*, AR 0022-25, 1254; AR 2440-2446. Having made that determination, the Court declines to admit the Documents as extra-record evidence.

### III.   CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's Motion to Add Additional Documents to the Record/Admit Extra-Record Evidence. Dkt. # 28.

DATED this 21st day of February, 2023.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 5